NH

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Gilberto Millo Milo,

Petitioner,

v.

Unknown Party,

Respondent.

No.   CV-26-01622-PHX-JJT (MTM)

**ORDER**

Self-represented Petitioner Gilberto Millo Milo, who is confined in the Central Arizona Florence Correctional Complex, filed this action under 28 U.S.C. § 2241 challenging his immigration detention and did not pay the filing fee or file an Application to Proceed in Forma Pauperis.[1]  The Court will dismiss the Petition and this action.

**I.     Petition**

Petitioner is a citizen of Cuba who was detained by Immigration and Customs Enforcement on May 21, 2025.[2]  On January 29, 2026, an Immigration Judge (IJ) ordered Petitioner removed to Cuba and Petitioner did not appeal the order.  Petitioner alleges that he does not have a passport or travel documents.

---

[1] Rule 3.5(c) of the Local Rules of Civil Procedure requires that "[i]f a habeas corpus petitioner desires to prosecute the petition in forma pauperis, the petitioner shall file an application to proceed in forma pauperis on a form approved by the Court, accompanied by a certification of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit."  Rule 3.5(c) also requires payment of the $5.00 filing fee if a petitioner has in excess of $25.00 in his inmate account.

[2] Petitioner does not specify when he entered the United States.

Petitioner raises three grounds for relief: (1) his prolonged detention is in violation of *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); (2) he has "family unity and support in the United States"; and (3) if released, Petitioner is willing to comply with supervision requirements. Petitioner seeks release from custody.

**II.    Failure to State a Claim**

The Court must dismiss Petitioner's claims regarding his continued detention. Petitioner states his removal order became final on January 29, 2026. "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, continued detention is mandatory. 8 U.S.C. § 1231(a)(2). After the 90-day removal period, the Attorney General has discretionary authority to detain certain aliens or to release them under an order of supervision. 8 U.S.C. § 1231(a)(6). However, an alien's detention for six months following the beginning of the removal period is "presumptively reasonable." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). "[A]n alien ordered removed whose removal is not reasonably foreseeable cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention [under § 1231(a)(2)] have passed." *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 (9th Cir. 2004).

Because Petitioner filed his § 2241 Petition during the 90-day removal period, his detention is mandatory and the Court will dismiss the Petition without prejudice. *Id*. at 1301 ("Because petitioners filed their habeas petitions during the 90-day removal period, the district court correctly dismissed the petitions."). *See also Inemo S.C. v. Dep't of Homeland Sec.*, CV-19-02881-PJS (LIB), 2020 WL 2765108, at *2 (D. Minn. May 28, 2020) (rejecting petitioner's request to "consider claims likely to become ripe during the pendency of the litigation" and stating that "[t]he Court is not aware of any authority supporting [petitioner's] claim that a district court may grant a habeas petition challenging the length of pre-removal detention when the petition was filed before the end of the 90-day removal period"); *Ba v. Gonzales*, CV-07-00307-SPM (WCS), 2008 WL 2157073, at

*2 (N.D. Fla. May 19, 2008) ("It is not enough that the period of time expired by the time the petition is ruled on . . . by the court, the *Zadvydas* period must have expired before the petition is filed.").

**IT IS ORDERED:**

(1)     Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this action are **dismissed**.

(2)     The Clerk of Court shall enter judgment accordingly and terminate this case.

Dated this 11th day of March, 2026.

_____
Honorable John J. Tuchi
United States District Judge